UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE SPRATT, | ) |
| Plaintiff, | ) Case No. 18-CV-6573 |
| v. | ) Judge Sharon Johnson Coleman |
| BELLWOOD PUBLIC LIBRARY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacqueline Spratt filed a five-count Amended Complaint against defendant Bellwood Public Library, alleging unlawful retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*, and the Illinois Whistleblower Act ("IWA"), 740 Ill. Comp. Stat. § 174/1, *et seq.* Bellwood moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, Bellwood's motion [17] is denied.

**Background**

Defendant Bellwood Public Library employed plaintiff Jacqueline Spratt from September 23, 1993 until April 2, 2018. Spratt served as the Library Director from 2014 until her employment ended. She reported to Bellwood's Board of Trustees and attended their meetings.

At the March 2016 Board meeting, the Board approved Spratt's request to remodel two public restrooms and expanded the scope of the remodeling project. The Board sought to hire Myron Adams of DK Environmental Services as a project consultant without soliciting bids, despite the Illinois Local Library Act requirement to advertise for bids for remodeling in excess of $25,000. 75 ILCS § 5/5-5. In June 2016, the Board hired Stuttley Group, LLC to represent the Board in response to a complaint that the Board had been operating in violation of the Illinois Open

1

Meetings Act without seeking or allowing other bids. Spratt sought to raise this issue, and Board member Mary Clements directed Spratt to remove reference to attorneys' fees from the public Board meeting agenda and warned Spratt that she would be insubordinate if she discussed them at the meeting. Throughout 2016, Spratt alleges that the Board repeatedly attempted to shift all blame for public complaints to her.

The March 2017 Board meeting was not posted publicly for the required 48 hours, so Spratt opposed the Board's selection of Gwendolyn Reese as a new Board member during the meeting. Spratt further opposed the appointment because Board member Sharon Tharpe was ineligible to hold elected municipal office because she had been convicted on felony arson with intent to defraud an insurance company. Following the meeting, Spratt sent an email indicating that Tharpe could not serve as a Board member because of her conviction. The following year, Bellwood retained the Del Galdo Law Group, despite having multiple Board members who had not been appointed pursuant to the Illinois Municipal Code. Spratt refused to issue payment on invoices from the Stuttley Group or the Del Galdo Law Group, which both had been retained without lawful votes from the Board. Spratt alleges that in the spring and early summer of 2017, Board member Clements continued to harass Spratt and undermine her ability to perform her duties.

Spratt filed a Charge of Discrimination with the EEOC alleging discrimination in violation of the ADEA, which she emailed a copy of to the Board on June 15, 2017. Several members of the Board convened a "special meeting" on June 29, 2017 to decide if they would discipline or terminate Spratt. On June 30, 2017, Spratt was informed that she had been placed on indefinite administrative leave, pending investigation to determine if disciplinary action against her was warranted.

Spratt alleges that she experienced further and continuous harassment by Bellwood and its Board members from July 2017 through April 2018, including through the following conduct:

– Attempting to replace the locks on Spratt's office;

2

- Revoking Spratt's authority to fill positions at Bellwood, even though personnel changes were within Spratt's discretion pursuant to the Illinois Local Library Act;

- Filing a temporary restraining order against Spratt to prohibit her from going to work at Bellwood, which the court struck on July 7, 2017 because the Board's decision had been made without a quorum and lacked authority;

- Requiring that Spratt obtain a Master of Library Science degree within the year and stating that Spratt's job remained contingent on this;

- Ordering Spratt to remove a write-up for subordination from the Bellwood Business Manager's employee file that Spratt had issued;

- Falsely accusing Spratt of stealing;

- Initially denying Spratt a raise and then granting her a 1% raise beyond the standard 3% increase; and

- Issuing Spratt's first ever performance evaluation, which was negative and included many unsubstantiated and false criticisms.

Spratt resumed taking classes toward her Master of Library Science degree, but it was impossible for her to achieve the degree within the year. On March 29, 2018, Spratt announced her resignation, to be effective on April 6, 2018, which she alleges amounted to constructive discharge. On April 2, 2018, Bellwood terminated her employment, effective immediately, and the police escorted Spratt from the premises and changed the locks on her office.

Spratt then filed suit on September 26, 2018, alleging that Bellwood retaliated against her for filing an age discrimination charge with the EEOC in violation of the ADEA and retaliated against her based on court and government agency disclosures, refusals, and public corruption in violation of the IWA. Spratt seeks reinstatement of employment, back pay, benefits, prejudgment interest, compensatory damages, equitable damages, and attorneys' fees and costs for the alleged violations. Bellwood has moved to dismiss the Amended Complaint for failure to state a cause of action upon which relief can be granted.

**Legal Standard**

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Spratt alleges that Bellwood retaliated against her for filing an EEOC complaint. Bellwood contends that Spratt cannot establish a claim for retaliation under the ADEA because Spratt cannot establish a materially adverse action taken against her or the requisite causal connection. The ADEA prohibits an employer from retaliating against an employee for complaining about age discrimination, which includes filing a complaint based on age discrimination with the EEOC. 29 U.S.C. § 623(d); *see also Tyburski v. City of Chicago*, No. 16 C 09228, 2018 WL 3970150, at *9 (N.D. Ill. Aug. 20, 2018) (Lee, J.). To state a claim for retaliation under the ADEA, Spratt must allege that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between her protected activity and the adverse action. *Lauth v. Covance, Inc.*, 863 F.3d 708, 716 (7th Cir. 2017).

Spratt's Amended Complaint sufficiently alleges each element of a retaliation claim under the ADEA. Spratt alleges that she engaged in protected activity, as she filed an EEOC charge that

4

alleged age discrimination that she sent to the Board. Next, she alleges that she suffered a series of adverse employment actions, including putting her on administrative leave, taking legal action against her, changing the educational requirements for her position, constructively discharging her, and terminating her. "An action is materially adverse if it might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 538 (7th Cir. 2016) (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)). Spratt's allegations that she was constructively discharged and then Bellwood terminated before the effective date of her resignation are not inconsistent, as Bellwood contends because Spratt resigned with an effective date later than the date Bellwood terminated her employment. Moreover, Spratt's allegations that she was placed on administrative leave and endured months of adverse workplace conduct following her EEOC charge is sufficient to deter a reasonable employee from engaging in future protected activity. *See id.* at 538.

Spratt further alleges a causal link between her protected activity and the adverse actions. She alleges that within two weeks of receiving her EEOC charge, Bellwood began engaging in a pattern of retaliatory conduct over nine months intended to harass her and cause her emotional distress that culminated in Spratt's constructive discharge. Bellwood has pointed to no case law suggesting that this course of conduct is not sufficient to state a claim at the motion to dismiss junction. The Court finds that these allegations sufficiently allege a causal link. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) (finding plaintiff stated a plausible claim where she alleged since she began to complain of sex discrimination and filed two EEOC charges, she was subjected to adverse employment actions by the defendants in retaliation); *Kirley v. Bd. of Educ. of Maine Twp. High Sch. Dist. 207*, No. 13 C 1706, 2013 WL 6730885, at *8 (N.D. Ill. Dec. 20, 2013) (Holderman, J.) (denying motion to dismiss retaliation under ADEA where plaintiff alleged her employer was aware she intended to file a charge of discrimination with the EEOC and then

5

plaintiff was removed from a coaching position and subject to investigative meetings). Bellwood's motion to dismiss Count V is denied.

Next, Bellwood contends that because Spratt failed to adequately plead constructive discharge, she did not suffer any adverse action and her four Illinois Whistleblower Act claims fail. Spratt responds that she properly alleged she was constructively discharged and that she pleaded multiple other forms of adverse actions that amount to actionable retaliation. Further, Spratt contends that she has stated claims under the IWA, not for the common law tort of retaliatory discharge, and as such is entitled to greater protections than the common law tort claim. Under the IWA, an employer may not retaliate against an employee: who discloses certain information to a court, government agency, or law enforcement agency; for refusing to participate in certain illegal activities; or with an act materially adverse to a reasonable employee because the employee disclosed public corruption. 740 ILCS 174/15(a)–15(b); 740 ILCS 174/20; 740 ILCS 174/20.1. An employee can sue for "all relief necessary to make the employee whole," including reinstatement, back pay, and damages. 740 ILCS 174/30. Spratt asserts a claim under the IWA on each of these grounds.

Bellwood submits that all of Spratt's alleged violations of the IWA are time barred by the Illinois Tort Immunity Act ("TIA") because they are based on events that occurred prior to the one-year statute of limitations. Spratt responds that TIA does not apply because the Act does not immunize local government employees from liability for retaliatory discharge. Spratt contends that even if TIA applies here, Bellwood's argument fails. Spratt filed suit six months after her constructive discharge and termination, so all of her IWA claims were filed within the one-year window.

The Court finds that Spratt's claims are not time barred by TIA because the Illinois Supreme Court has held that TIA immunizes government entities from liability for torts committed by employees, but retaliatory discharge claims are the result of wrongdoing by an employer. *See Smith v.*

6

*Waukegan Park District*, 231 Ill.2d 111, 117, 896 N.E.2d 232 (2008); *see also Zelman v. Hinsdale Twp. High Sch. Dist. 86*, No. 10 C 00154, 2010 WL 4684039, at *2 (N.D. Ill. Nov. 12, 2010) (Coleman, J.). However, even if TIA did apply to Spratt's claims, TIA would not require dismissal of Spratt's IWA claims because Spratt resigned on March 29, 2018, which is the date that the limitations period begins to run for a claim based on her constructive discharge. *Green v. Brennan*, 136 S.Ct. 1769, 1777, 195 L.Ed.2d 44 (2016); *Stringer v. City of Lake Forest*, No. 16 C 8991, 2017 WL 75741, at *1 (N.D. Ill. Jan. 7, 2017) (Kennelly, J.). Moreover, Spratt alleges a series of retaliatory actions that took place in the months leading up to her constructive discharge. At this stage, those allegations are sufficient to state a timely claim for retaliation.

Bellwood further asserts that Spratt's IWA claims fail because she has not alleged acts that could reasonably be considered to be violations of law. Spratt responds that she alleged her reasonable beliefs regarding violations of the law, actual refusals to participate in unlawful behavior, and disclosure of public corruption. Counts I and II arise under section 15 of the IWA, so Spratt must show that she had reasonable cause to believe that she reported a violation of a State or federal law, rule, or regulation. 740 ILCS § 174/15(a)–(b).

For Count I, Spratt alleges that she repeatedly disclosed to government or law enforcement agencies, including: the Board of Trustees of the Library what she reasonably believed were violations of the Illinois Open Meetings Act, the Illinois Municipal Code, the Illinois Local Library Act, and the misuse of public funds; to the Reaching Across Illinois Library Systems violations of the Local Library Act and misuse of public funds; to the Illinois Attorney General's Office violations of the Open Meetings Act; and to the police violations of the Open Meetings Act and Illinois Municipal Code. For example, in April 2017 members of the Illinois Attorney General's Office contacted Spratt regarding a complaint filed concerning Bellwood's attempt to unlawfully appoint Reese to the Board. Spratt answered their questions and reported her concerns regarding

7

Bellwood's violations of the Open Meetings Act by appointing Reese without a quorum of the Board. Likewise, on July 1, 2017, Spratt informed the police that the June 29, 2017 Board meeting was held in violation of the Open Meetings Act because notice of the meeting was not posted for 48 hours prior to the meeting. The police refused to change the locks to Spratt's office without a court order. Accordingly, Spratt alleges reasonable cause to believe that she reported various violation of Status laws and codes to government and law enforcement agencies.

Related to Count II, Spratt alleges that on July 7–8, 2017 she reported to the Circuit Court of Cook County what she believed to be violations of the Illinois Open Meetings Act and the Illinois Municipal Code. She alleges that in response the court found that a seat on the Board was invalid and decisions made at the June 29, 2017 Board meeting lacked authority. Consequently, her alleged disclosures to the court do, in fact, implicate violations of Illinois law for this stage. Count II states a claim.

Next, Bellwood contends that Spratt's allegations that she participated in an activity regarding the misuse of public funds cannot support a claim because a plaintiff must actively refuse not to participate in an illegal activity. Bellwood further argues that Spratt's claim fails because she did not allege that she reported the alleged excessive fees to anyone. Spratt responds that Count III alleges a claim because she refused to issue payment not approved by the Board in compliance with the Illinois Municipal Code.

Section 20 of the IWA requires that an employee refuse to participate in an activity that would result in a violation of State or federal law. 740 ILCS § 174/20. Contrary to Bellwood's argument, Section 20 does not require that the employee report the alleged violation to a specific entity. Spratt alleges that she was ordered to, but refused on multiple occasions to issue payment on invoices from Stuttley Group and Del Galdo Law Group because they were retained without a lawful vote from the Board. Spratt further alleges that Stuttley Group was retained without seeking

8

bids from other attorneys and Del Galdo Law Group was retained at a Board meeting without a quorum of lawful members of the Board. Because Spratt alleges that she refused to issue payment, she did not participate in an activity that would have violated the Illinois Municipal Code. *See Sardiga v. N. Tr. Co.*, 409 Ill. App. 3d 56, 62, 948 N.E.2d 652 (1st Dist. 2011) (explaining that refusal requires the denial or rejection of something that is demanded); *U.S. ex rel. Kennedy v. Aventis Pharm., Inc.*, No. 03 C 2750, 2008 WL 4371323, at *5 (N.D. Ill. Feb. 11, 2008) (Kennelly, J.) ("[T]here is no requirement that a plaintiff in an IWA retaliation case plead with particularity exactly what illegal conduct she refused to participate in."); *contra Collins v. Bartlett Park Dist.*, 2013 IL App (2d) 130006, ¶ 29, 997 N.E.2d 821 (2d Dist. 2013) (dismissing IWA claim where plaintiff failed to allege that he actually refused to participate in an illegal activity). Bellwood's motion to deny Count III is denied.

Finally, Bellwood makes no arguments specific to Spratt's Count IV concerning reporting of public corruption. Still, Spratt properly alleges a claim under Section 20.1 of the IWA for the same reasons as Counts I and II. Bellwood's motion to deny Count IV is denied.

**Conclusion**

Based on the foregoing, Bellwood's Motion to Dismiss [17] is denied.

IT IS SO ORDERED.

Date: 5/21/2019         Entered: _____
                        SHARON JOHNSON COLEMAN
                        United States District Court Judge

9